UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT JAMES SWINT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-00168-SDN |
| | ) | |
| CLATSOP COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ROBERT JAMES SWINT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-00178-SDN |
| | ) | |
| SAFEWAY INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OMNIBUS ORDER**

This omnibus order concerns and disposes of two separate lawsuits brought by Plaintiff Robert James Swint. In *Swint v. Clatsop County Jail, et al.*, Mr. Swint, a resident of Oregon, sued the State of Oregon and various state entities ("the Oregon Defendants") and officials for events occurring entirely within Oregon. *See* Dkt. No. 26-cv-00168, ECF No. 1. In *Swint v. Safeway Inc., et al.*, Mr. Swint sued two corporate entities. *See* Dkt. No. 26-cv-00178, ECF No. 1.

In each matter, the Magistrate Judge found that Mr. Swint's complaint lacked a basis for federal subject matter jurisdiction, could be characterized as frivolous or devoid of any merit, and further recommended dismissing the matter entirely. *See* Dkt. No. 26-cv-00168, ECF No. 3 at 3–4; Dkt. No. 26-cv-00178, ECF No. 3 at 2–3. The Magistrate Judge additionally recommended imposing formal filing restrictions on Mr. Swint's

ability to further file pleadings without prior leave of the Court based on his failure to heed the Court's prior warnings to that effect. *Id*. at 3; *see Swint v. Samsung*, No. 24-cv-00238, 2024 WL 3653886, at *2 (D. Me. Aug. 5, 2024) ("[T]he Court warns Mr. Swint in accordance with *Cok* that further frivolous or incomprehensible filings could result in the imposition of filing restrictions against him in this court.").

On April 17, 2026, Mr. Swint subsequently objected to the Recommended Decision in each case but did not identify any specific errors in the Magistrate Judge's legal reasoning or conclusions. *See* Dkt. No. 26-cv-00168, ECF No. 4; Dkt. No. 26-cv-00178, ECF No. 4. Both objections similarly lack sufficient factual material or explanation to allow the Court to reasonably discern Mr. Swint's legal theory of relief. For instance, in his case against the Oregon Defendants, Mr. Swint states only that jurisdiction in Maine "is very valid since the State itself goes right along with the allegations from the very beginning" and further that "[t]hey know exactly what I'm talking about." Dkt. No. 26-cv-00168, ECF No. 4 at 1.

I have conducted a de novo review of the Magistrate Judge's Recommended Decision and the entire record in each matter. I concur with the Magistrate Judge's conclusion that each complaint should be dismissed as frivolous and determine no further proceeding is necessary. I further accept the Magistrate Judge's recommendation to enjoin Mr. Swint from filing any new cases in this district without first obtaining approval from the Court.

## CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** and **ADOPTS** the Magistrate Judge's Recommended Decisions. Dkt. No. 26-cv-00168, ECF No. 3; Dkt. No. 26-cv-00178, ECF No. 3. Each of Mr. Swint's objections to the Recommended Decisions

are likewise **OVERRULED**. Dkt. No. 26-cv-00168, ECF No. 4; Dkt. No. 26-cv-00178, ECF No. 4. Mr. Swint's complaints are **DISMISSED** as frivolous. Dkt. No. 26-cv-00168, ECF No. 1; Dkt. No. 26-cv-00178, ECF No. 1. Finally, Mr. Swint's remaining motion to proceed without prepayment of fees and costs, Dkt. No. 26-cv-00168, ECF No. 5, is **DENIED AS MOOT**.

The Court further **ORDERS** the following restriction: Mr. Swint shall not make any further filings in this case without first obtaining permission from this Court. *See Cok v. Family Ct. of R.I.*, 985 F.2d 32, 34–35 (1st Cir. 1993). If Mr. Swint wishes to file on the docket, he must also include a motion for leave to file the proffered filing. Not to exceed more than three pages, the motion for leave to file must explain in clear terms why the proposed filing is (1) authorized by the federal and local rules, (2) sufficiently plain and definite to satisfy Federal Rule of Civil Procedure 8, and (3) not entirely duplicative of information already presented to the Court. If the Court determines in its review that either the motion for leave does not sufficiently state the required three-part explanation or that the filing's substance fails to satisfy any of those requirements, the Court will not docket Mr. Swint's proposed filing. In accordance with its imposed restriction the Court **DIRECTS** the Clerk of Court not to docket any new filings from Mr. Swint unless and until the Court has reviewed the proposed filing and ordered its docketing.

**SO ORDERED.**

Dated this 20th day of May, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

3